**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Frank FUENTES–MENDOZA,**
**Defendant–Appellant.**

**No. 93–10570.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 11, 1994.

Decided June 6, 1995.

Jan E. Kearney, Tucson, AZ, for defendant-appellant.

David W. Shapiro, Asst. U.S. Atty., Tucson, AZ, for plaintiff-appellee.

Before: FLETCHER, HALL, and WIGGINS, Circuit Judges.

WIGGINS, Circuit Judge:

## OVERVIEW

Frank Fuentes–Mendoza ("Fuentes") was arrested along with several others for selling a large quantity of marijuana to a confidential informant working under the direction of undercover Drug Enforcement Administration agents. Fuentes pled guilty to one count of conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841 and 846. He was sentenced to 78 months imprisonment and four years supervised release. He argues that his plea should be held invalid because he did not fully understand the sentence he was facing when he accepted it, and accordingly that it violates Federal Rule of Criminal Procedure 11. We hold that any error was harmless, and we therefore AFFIRM.

## BACKGROUND

At Fuentes' plea hearing, the district court explained the following to him:

There is also a minimum period of four years supervised release that has to follow

any term of imprisonment. This supervised release is like a period of parole. Certain conditions are imposed after any term of imprisonment has been served. If you violate any of those conditions, your supervised release can be revoked and you can be reimprisoned; do you understand that?

Fuentes responded that he did understand. He now argues that the district court's statement that supervised release "is like a period of parole" misstates the truth about supervised release, which is different than parole in many ways. Accordingly, he argues that the district court violated Rule 11(c), which requires that Fuentes must have understood, *inter alia:*

> the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole or supervised release term....

Fed.R.Crim.P. 11(c). Furthermore, Fuentes argues that his term of supervised release can be extended at any time up to a life-long term. Because he believed he faced a maximum sentence of only 40 years, he asserts that the court's error in explaining supervised release was not harmless.

The government responds in two ways. First, it argues that there was no Rule 11 violation. It argues that the judge adequately explained the differences between parole and supervised release, and asserts that there is proof that Fuentes understood the concept of supervised release. Second, the government argues that even if there was a Rule 11 error, any such error was harmless. We agree with the government that any error was harmless, and we affirm on this basis.

## ANALYSIS

### I. Rule 11

At the time Fuentes entered his plea, he believed he faced a maximum term of imprisonment of 40 years. He now cites *Rodriguera v. United States,* 954 F.2d 1465, 1468 (9th Cir.1992), and *United States v. Sanclemente–Bejarano,* 861 F.2d 206, 208 (9th Cir.1988),

for the proposition that his term of supervised release can be extended, potentially to a life-long term, at some point in the future. He asserts that because the district court did not tell him that his term of supervised release could be extended up to life, it was in error, and the error was not harmless. We disagree.

The fundamental premise underlying Fuentes' argument is erroneous. He does not, in fact, face a potential life-long term of supervised release. If his four-year term of supervised release is extended at some point in the future, that extension will be limited such that Fuentes' *total term* of supervised release will not exceed *five years.* The maximum term of restricted liberty he faces, then, is as follows: Six and ½ years imprisonment, 5 years of supervised release (if there is an extension), and 3 additional years of imprisonment if his supervised release is revoked, for a total of 14½ years. Because this is less than the 40–year sentence to which he believed he could be sentenced, any error by the sentencing court in explaining the term of supervised release that he faced was harmless. We recognize that this conclusion appears at odds with *Rodriguera* and *Sanclemente.* Accordingly, we next explain why the language Fuentes cites from those cases is no longer controlling precedent in this circuit.

The court in *Sanclemente* wrote: "Pursuant to 18 U.S.C. § 3583(e)(2) ['extension provision'], a supervised release term may also be extended, potentially to a life term, at any time before it expires." 861 F.2d at 209. The court did not vacate the defendant's plea agreement, however, because the defendant had been advised that he faced a potential term of life imprisonment. Therefore, any error in describing his supervised release term was harmless. *Id.* at 210. The *Rodriguera* court, on the other hand, did vacate the defendant's guilty plea. It found, in a fact pattern very similar to the present one, that the defendant had believed that the maximum term he faced was forty years. Although the defendant received far less than forty years (as in the instant case), the court cited the above-quoted language from *Sanclemente* for the proposition that the de-

fendant actually faced a potential life-long term of supervised release. 954 F.2d at 1469. Because life is longer than the 40–year potential term of which the defendant was aware, the panel set aside his guilty plea. *Id.*

We believe that the statement from *Sanclemente* and *Rodriguera,* that 18 U.S.C. § 3583(e)(2) can potentially lead to a life-long supervised release term, is no longer a viable reading of that provision. The extension provision states that a court may:

> extend a term of supervised release if less than the maximum authorized term was previously imposed ... at any time prior to the expiration or termination of the term of supervised release, pursuant to ... the provisions applicable to the initial setting of the terms and conditions of post-release supervision.

18 U.S.C. § 3583(e)(2). We read this to mean that if less than the maximum authorized term of supervised release was initially imposed, a defendant's supervised release term can later be extended *up to the maximum originally allowable term.* We do not read it to allow an extension beyond the originally allowable maximum, potentially up to life. We find several sources of support for this reading.

First, although the extension provision is lengthy and potentially confusing, our reading of it is consistent with its admonition that extensions must be pursuant to the "provisions applicable to the initial setting of the term" of supervised release. 18 U.S.C. § 3583(e)(2).

Second, to read the provision otherwise would lead to anomalous results. An example illustrates: A sentencing judge wishes to be more lenient toward Defendant Firsttimer than to Defendant Hardcore. Accordingly, he sentences Defendant Hardcore to the maximum allowable term of supervised release, but sentences Defendant Firsttimer to a lesser term. Because the extension provision itself instructs that extensions are only permissible when "less than the maximum authorized term was previously imposed," only Defendant Firsttimer can have his term

extended in the future. 18 U.S.C. § 3583(e)(2). To read that such an extension is not subject to the originally allowable maximum is to say that Defendant Firsttimer, in receiving "leniency," actually was sentenced to a potential life-long term, while Defendant Hardcore, whom the sentencing court meant to punish more severely, faces only the finite term that he originally received. We do not believe that this is the intended result of the extension provision.

Lastly, our reading of § 3583(e)(2) is consistent with the view of those other circuits that have addressed this issue. *See, e.g., United States v. Good,* 25 F.3d 218, 220–21 (4th Cir.1994) (stating that *Rodriguera's* and *Sanclemente's* interpretation of § 3583(e)(2) "is not supported by the clear language of the applicable statutes and has not been followed by other courts"); *United States v. Williams,* 958 F.2d 337, 339 (11th Cir.1992) (stating that authority to extend supervised release pursuant to § 3583(e)(2) is limited by original maximum).

While at first blush it may seem that our reading of the extension provision is precluded by *Rodriguera* and *Sanclemente,* upon closer examination of those opinions we do not believe this to be the case. Neither of those opinions stated that extensions made pursuant to the extension provision are not limited by the maximum originally allowable term of supervised release. Rather, both of those cases were decided under circumstances in which it was unclear whether there *was* any maximum by which to limit an extension. That is, both involved 21 U.S.C. § 841 (the same underlying statute as in the present case), which provides minimum terms of supervised release,[1] but no maximum terms. Those cases did *not* hold that a maximum originally allowable term of supervised release would not limit an extension pursuant to § 3583(e)(2). Rather, the panels more likely believed there was no maximum originally allowable term.

We are aware that *Rodriguera* held that 18 U.S.C. § 3583's supervised release provisions "set[ ] forth the standard to govern supervised release terms" in the case before

---

1. The minimum term depends on the amount and type of the drugs sold.

it. 954 F.2d at 1469. We are also aware that these provisions could have provided the *Rodriguera* panel with a maximum originally allowable term: Rodriguera's crime was a class B felony under 18 U.S.C. § 3559, which under 18 U.S.C. § 3583(b) carries a maximum supervised release term of five years. It is apparent for several reasons, however, that the *Rodriguera* panel did not believe that § 3583(b) provided an applicable maximum term. Rather, the panel, like the *Sanclemente* panel, believed that § 841's open-ended maximum term governed the case before it.

First, despite the *Rodriguera* panel's general statement that § 3583, not § 841, governed the terms of supervised release in that case, the panel explicitly stated that Rodriguera "was subject to [§ 841's] supervised release requirement," 954 F.2d at 1467, with its four-year minimum (and no maximum) term.[2] Second, the maximum allowable term under § 3583(b)'s provisions would have been five years, yet the panel did not object to the district court's imposition of a ten-year term. Third, the panel, in stating that Rodriguera's term could be extended up to life, never discussed the extension provision's language that extensions are subject to "the provisions applicable to the initial setting of the terms and conditions of post-release supervision." If the panel had believed that § 3583 provided a maximum originally imposable term, such a discussion would have been necessary.

In sum, neither the *Rodriguera* court nor the *Sanclemente* court appears to have addressed the question of whether an extension pursuant to § 3583(e)(2) could exceed a maximum originally imposable term. Instead, both cases were decided during a period when it often was difficult to determine whether there even was a maximum originally allowable term for a given offense.

We do not decide this case against a similarly confusing backdrop. The Sentencing Guidelines (enacted after the commission of the offenses in *Rodriguera* and *Sanclemente*), now provide a cohesive framework for determining the maximum imposable supervised release term in all cases. U.S.S.G. § 5D1.2(a) (Nov. 1994) provides:

> If a defendant is convicted under a statute that requires a term of supervised release, the term shall be at least three years but not more than five years, or the minimum period required by statute, whichever is greater.

With this guidance, which was unavailable to the *Rodriguera* and *Sanclemente* courts, it is now an easy matter to determine the definitive maximum term of supervised release to which a defendant can be sentenced. Applying U.S.S.G. § 5D1.2(a) to the instant case, for example, the maximum supervised release term that Fuentes faced was five years, as the statutory minimum under 21 U.S.C. § 846 was four years. In receiving four years, he was not given the maximum allowable term, and he is thus subject to 18 U.S.C. § 3583(e)(2)'s extension provision.[3] As explained above, however, we hold that under this extension provision his term of supervised release can be extended *only up to the originally allowable maximum of five years.* Because the total potential term of restricted liberty he faces is less than the 40 years of which he was apprised, we reject his Rule 11 claim for alleging harmless error.

## II. Sentencing

Fuentes also argues that the district court committed various sentencing errors. We review the district court's findings of fact relating to sentencing for clear error, *United States v. Burns*, 894 F.2d 334, 336 (9th Cir. 1990), and we affirm Fuentes' sentence. There was ample evidence to support the district court's inclusion of 675 grams of cocaine in determining the base offense level, and its upward adjustments for possession of a firearm in connection with the conspiracy,

---

**2.** Nor is this seeming contradiction inexplicable. The panel believed that § 3583 governed the case before it. However, § 3583(b), which sets the maximum terms of supervised release, begins with the caveat, "[e]xcept as otherwise provided." This caveat apparently led the *Rodriguera* court to conclude that the terms provided by § 3583(b) are preempted when the specific statute violated (such as § 841) contains its own terms of supervised release.

**3.** The Guidelines do not contain their own extension provision, but instead refer to 18 U.S.C. § 3583(e)(2).

and for Fuentes' supervisorial role. None of these findings was clearly erroneous.

## CONCLUSION

The Sentencing Guidelines now provide a cohesive framework for determining the maximum term of supervised release that may be imposed in all cases. We wish to make clear that any extensions made pursuant to 18 U.S.C. § 3583(e)(2) are limited by that originally imposable maximum. This is in accordance with the language of the statute, the goals of the statute, and the other circuits that have addressed the question. *Rodriguera* and *Sanclemente* are distinguished on the basis that both of them were decided when there was no clearly defined maximum term that could restrain a subsequent extension.

Accordingly, we discount the fundamental premise underlying Fuentes' argument, that he faces a potential life-long term of supervised release. The maximum total term of restricted liberty he faces is 14½ years. Because this is less than the 40 years to which he was told he could be sentenced, any error in explaining the potential term of supervised release to him was harmless. We also reject Fuentes' allegations of various sentencing errors. For the foregoing reasons, we affirm Fuentes' conviction and sentence.