65 F.3d 177
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Lee WYATT, Defendant-Appellant.
 No. 94-10554.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 13, 1995.*
Decided Aug. 16, 1995.
 
 Before: SNEED, CANBY and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The parties are familiar with the facts of the case; we will not recite them here. We reject Robert Lee Wyatt's appeal on several grounds.
 
 
 3
 As a procedural matter, we find that Wyatt waived his right to appeal on the Rule 11 issue. Wyatt had the opportunity to raise the Rule 11 issue in his first appeal to this court, and did not. "When a party could have raised an issue in a prior appeal but did not, a court later hearing the same case need not consider the matter." Alioto v. Cowles Communications, 623 F.2d 616, 618 (9th Cir.1980), cert. denied, 449 U.S. 1102 (1981).
 
 
 4
 Were we to reach the merits of Wyatt's appeal, however, we would nonetheless affirm the district court's action because we conclude that his argument is based on a false premise. Wyatt asserts that his term of supervised release could have been extended at any time during its pendency up to a life term. The offense to which Wyatt pleaded guilty, however, has at all relevant times had a statutorily limited period of supervised release.
 
 
 5
 The recently decided case of United States v. Fuentes-Mendoza, 56 F.3d 1113 (9th Cir.1995) addresses an argument identical to Wyatt's and provides dispositive analysis. In that case, Fuentes argued that his term of supervised release could be "extended at any time up to a life-long term," Fuentes, 56 F.3d at 1114, and that, because the court did not inform him of this possibility during his plea hearing, the subsequent plea violated Fed.R.Crim.P. 11. In concluding that Fuentes' supervised release could not be so extended, the court considered and rejected Rodriguera v. United States, 954 F.2d 1465 (9th Cir.1992), and United States v. Sanclemente-Bejarano, 861 F.2d 206 (9th Cir.1988), the same cases that Wyatt advances in support of his argument.
 
 
 6
 The court in Fuentes noted that Rodriguera and Sanclemente were decided without benefit of the Sentencing Guidelines, as the underlying offenses in each case were committed before the guidelines were enacted. The Guidelines, as the Fuentes Court recognizes, "now provide a cohesive framework for determining the maximum imposable supervised release term in all cases." Fuentes, 56 F.3d at 1116 (emphasis added).
 
 
 7
 The holding of Fuentes applies equally to Wyatt's situation. The maximum term of supervised release that the court could impose on Wyatt is determined by the "cohesive framework" of the Sentencing Guidelines. In Wyatt's case, that maximum term is three years for each conviction. U.S.S.G. Sec. 5D1.2(b)(2). "Any extensions of the term made pursuant to 18 U.S.C. Sec. 3583(e)(2) are limited by that originally imposable maximum." Fuentes, 56 F.3d at 1117. Wyatt thus was never subject to a life term of supervised release.[1]
 
 
 8
 The maximum sentence Wyatt could have received was ten years imprisonment and six years supervised release. The district court so advised him. Wyatt was originally sentenced to and served only forty one months in prison. Upon revocation of his supervised release, the court sentenced Wyatt to twenty four months additional imprisonment. His total incarceration time of sixty five months is far less than the maximum possible sentence of which the court advised him. Any error the district court may have committed in conducting Wyatt's Rule 11 plea hearing was harmless.[2]
 
 
 9
 We affirm the district court's re-sentencing of Wyatt upon revocation of his supervised release. Because we find the above grounds to be more than sufficient for affirmance, we do not address the question of whether a prisoner can attack a Rule 11 plea when appealing from a revocation of supervised release.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Even without the Guidelines, Wyatt's maximum term of supervised release is limited by the criminal statutes under which he was convicted. Unlike the drug crimes involved in Fuentes, Rodriguera or Sanclemente, any sentence of supervised release after imprisonment for the offense of possessing stolen mail is governed by 18 U.S.C. Sec. 3583(b)(2). That statute limits the imposable term of supervised release for a Class D felony, of which Wyatt was convicted, to three years per conviction. Thus Wyatt's supervised release could not have been extended to a life sentence under any circumstance
 
 
 [2]
 If the district court committed error, it was in advising Wyatt that he could receive up to five years supervised release for each conviction. The Guidelines permit up to five years supervised release for convictions requiring a term of supervised release. U.S.S.G. Sec. 5D1.2(a). Wyatt's mail fraud conviction under 18 U.S.C. Sec. 1708 has no such requirement; in that situation both the Guidelines and the statute limit the supervised release term to three years. U.S.S.G. Sec. 5D1.2(b)(2); 18 U.S.C. Sec. 3583(b)(2)