70 F.3d 1281
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Teodoro Dayyo SUMABAT, aka, Theodore Dayyo Sumabat & Teodoro
Dayyo Summabat, Defendant-Appellant.
 No. 94-50471.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1995.*
Decided Nov. 17, 1995.
 
 Before: FARRIS, BRUNETTI, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Teodoro Dayyo Sumabat appeals his sentence for possession with intent to distribute methamphetamine in violation of 21 U.S.C. Sec. 841(a)(1). The second superseding indictment charged Sumabat with five counts: distribution of methamphetamine, in violation of 21 U.S.C. Sec. 841(a)(1) (count one); possession with intent to distribute methamphetamine, in violation of 21 U.S.C. Sec. 841(a)(1) (counts two, three, and five); and attempt to possess with intent to distribute methamphetamine (count four). On the first day of trial, the government dismissed the first four counts on the second superseding indictment. After four days of trial, the jury found Sumabat guilty on the only remaining charge, count five. At sentencing, the court considered the conduct of the other dismissed counts as relevant conduct. The district court adopted the findings of the presentence report.
 
 I. STANDARD OF REVIEW
 
 3
 The district court's interpretation and application of the Sentencing Guidelines are reviewed de novo. United States v. Buenrostro-Torres, 24 F.3d 1173, 1174 (9th Cir.1994). The district court's factual findings in the sentencing phase are reviewed for clear error. United States v. Fuentes-Mendoza, 56 F.3d 1113, 1116-17 (9th Cir.1995), cert. denied, 1995 WL 546097 (U.S. Oct. 10, 1995). The government must prove factors enhancing a sentence by a preponderance of the evidence. United States v. Restrepo, 946 F.3d 654, 655 (9th Cir.1991) (en banc ), cert. denied, 503 U.S. 961 (1992).
 
 
 4
 II. ENHANCEMENT OF SENTENCE WITHOUT A CONSPIRACY CHARGE
 
 
 5
 Sumabat was not charged with conspiracy. He contends that without a charge of conspiracy, the dismissed charges cannot be considered as relevant conduct.
 
 
 6
 Under U.S.S.G. Sec. 1B1.3(a)(2), all acts that were part of the same course of conduct or common scheme or plan as the offense of conviction are relevant conduct. The background note to Sec. 1B1.3 states that subsection (a)(2) "provides for consideration of a broader range of conduct with respect to one class of offenses, primarily ..., drug offenses for which the guidelines depend substantially on quantity ..." U.S.S.G. Sec. 1B1.3 background note. "[I]n a drug distribution case, quantities and types of drugs not specified in the count of conviction are to be included in determining the offense level if they were pat of the same course of conduct or part of a common scheme or plan as the count of conviction." Id. The acts for which the district court could hold Sumabat accountable at sentencing are not limited to that act he was found guilty at trial.
 
 
 7
 In determining whether conduct is part of the same course of conduct or common scheme or plan, the sentencing court considers factors including: the nature of the defendant's acts, his role, and the number and frequency of repetitions of those acts. United States v. Hahn, 960 F.2d 903, 910 (9th Cir.1992). In addition, "[T]here must be 'sufficient similarity and temporal proximity to reasonably suggest that repeated instances of criminal behavior constitute a pattern of criminal conduct.' " Id. (quoting United States v. Santiago, 906 F.2d 867 (2d Cir.1990).
 
 
 8
 In this case, the Addendum to the presentence report states that each of the transactions considered as relevant conduct followed a nearly identical pattern. "The facts of the case make it clear that Sumabat was involved in a single course of conduct spread out over a relatively short period of time." All transactions took place over a two-month time period. All the transactions were part of a common plan. No conspiracy charge was required in order to consider the dismissed counts as relevant conduct.
 
 
 9
 II. THE COUNTS WERE DISMISSED WITHOUT A PLEA AGREEMENT
 
 
 10
 Sumabat contends that because the four counts were dismissed without a plea agreement and at the government's own volition, the counts should not be considered as relevant conduct. He argues that by allowing the government to avoid proof beyond a reasonable doubt at a jury trial that the appellant was guilty of the four counts, and then considering the four counts as relevant conduct with proof of a preponderance of the evidence, the court is denying him of due process.
 
 
 11
 U.S.S.G. Sec. 1B1.3 prescribes the relevant conduct for which a defendant is held accountable at sentencing. Pointing out the distinction between accountability for sentencing purposes and guilt for purposes of conviction, Application note 1 to Sec. 1B1.3 states: "The principles and limits of sentencing accountability under this guideline are not always the same as the principles and limits of criminal liability." U.S.S.G. Sec. 1B1.3 n. 1.
 
 
 12
 This Court has already held that a preponderance of the evidence standard does not violate a defendant's due process in determining the existence of factors enhancing a sentence. Restrepo, 946 F.2d at 656. This Court has also held that under the Sentencing Guidelines, conduct that was part of the same scheme can be counted in determining the offense level, even though the defendant was not convicted of crimes based on the related conduct. United States v. Fine, 975 F.2d 596, 600 (9th Cir.1992). In Fine, the defendant pleaded guilty to one count of mail fraud and one count of use of a fictitious name for purpose of perpetrating a fraud. Id. at 598. The government dismissed the other twelve counts relating to mail fraud against the defendant. Id. However, the sentencing court considered the twelve dismissed counts as relevant conduct. Id. at 599.
 
 
 13
 Sumabat argues that the distinguishing factor between Fine and this case is that the defendant in Fine was aware that the dismissal of the other counts in exchange for a guilty plead to two counts only produced a non-binding recommendation for a specific sentence by the government.
 
 
 14
 A dismissal pursuant to a plea agreement is not, for these purposes, distinguishable from a dismissal at the government's own volition. Both dismissals produce the same effect. In one case, the defendant has pleaded guilty to a count; while in the other case, the defendant was found guilty of a count. The relevant conduct provisions of the Sentencing Guidelines "are sentencing enhancement regimes evincing the judgment that a particular offense should receive a more serious sentence within the authorized range if it was either accompanied by or preceded by additional criminal activity." United States v. Witte, 115 S.Ct. 2199 (1995). Given the policy behind the relevant conduct provisions of the Sentencing Guidelines, whether or not the other counts were dismissed pursuant to a plea agreement does not affect the sentencing court's ability to consider the dismissed counts as relevant conduct.
 
 
 15
 III. EXPRESS FINDINGS OF FACTS AT THE SENTENCING HEARING
 
 
 16
 Sumabat finally contends that the district court failed to make the requisite findings of fact for each transaction that enhances his sentence at the sentencing hearing. The district court may adopt the factual findings of the presentence report. United States v. Navarro, 979 F.2d 786, 789 (9th Cir.1992). It may not, however, adopt conclusory statements unsupported by facts or the guidelines. Id. The presentence report stated that the information "pertaining to the offense was obtained from the investigative reports of the Bureau of Alcohol, Tobacco, and Firearms (ATF); the Complaint and Affidavit of the case agent; the U.S. Attorney's file; and statements from the Assistant U.S. Attorney (AUSA), the case agent, and defense counsel." The presentence report describes in detail the transactions and Sumabat's involvement in each transaction. In addition, Sumabat admitted on cross-examination at trial that he had done three methamphetamine deals with one of his co-defendants. The presentence report's findings of fact are not conclusory statements. The district court made sufficient findings of fact by adopting the findings of the presentence report and did not clearly err in its factual findings.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3