70 F.3d 1281
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sax James SNITH, aka Sax James Sundara, Defendant-Appellant.
 No. 95-50121.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 15, 1995.*
Decided Nov. 21, 1995.
 
 Before: FARRIS, BRUNETTI, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sax James Snith appeals from the sentence imposed by the district court following his guilty plea to conspiracy, in violation of 18 U.S.C. Sec. 371 to possess counterfeited and forged securities, in violation of 18 U.S.C. Sec. 513(a). We have jurisdiction over the timely appeal under 28 U.S.C. Sec. 1291. We affirm his sentence.
 
 I. CALCULATION OF OFFENSE LEVEL
 
 3
 Snith argues that the district court erred in determining his offense level because it was ambiguous as to the specific Sentencing Guideline that it was applying. More specifically, Snith contends that the district court failed to make clear whether it was increasing his offense level based on more than minimal planning under Sentencing Guideline Sec. 2F1.1(b)(2)(A) or Snith's role as a leader or manager in the offense under Sentencing Guideline Sec. 3B1.1(c).
 
 
 4
 The district court's interpretation and application of the Sentencing Guidelines are reviewed de novo. United States v. Buenrostro-Torres, 24 F.3d 1173, 1174 (9th Cir.1994). The district court's factual findings in the sentencing phase are reviewed for clear error. United States v. Fuentes-Mendoza, 56 F.3d 1113, 1116-17 (9th Cir.1995), cert. denied, 1995 WL 546097 (U.S. Oct. 10, 1995).
 
 
 5
 The transcript of the sentencing hearing shows that there was no ambiguity. The district court was increasing Snith's offense level based on Sentencing Guideline Sec. 2F1.1(b)(2)(A) (more than minimal planning). The district court did not err in calculating Snith's offense level.
 
 
 6
 Snith also argues that the district court erred in allowing an increase in the offense level for Snith's role as a leader or manager in the offense. This argument lacks merit because the district court did not increase Snith's offense level based on his role as a leader or manager in the offense.
 
 II. CALCULATION OF CRIMINAL HISTORY CATEGORY
 
 7
 Snith contends that the district court erred by adding two criminal history points for committing the crime while on probation and another point for committing the crime within two years of being released from custody.
 
 A. U.S.S.G. Sec. 4A1.1(d)
 
 8
 Sentencing Guideline Sec. 4A1.1(d) provides that two criminal history points are added "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. Sec. 4A1.1(d)
 
 
 9
 Snith argues that he was not under probationary supervision, but rather he was on summary probation. He argues that his summary probation is substantively different than other types of probation. Snith's summary probation is clearly covered under Sec. 4A1.1(d) because it is a form of probation. In fact, Application Note 4 to Sec. 4A1.1 provides that "a term of unsupervised probation would be included" in the term "criminal justice sentence." The district court did not err in increasing Snith's criminal history pursuant to U.S.S.G. Sec. 4A1.1(d).
 
 B. U.S.S.G. Sec. 4A1.1(e)
 
 10
 Snith argues that the district court erred in increasing his criminal history by one point under 4A1.1(e) because the evidence did not support a finding that he committed the instant offense less than two years following his release from custody. The district court added one point to Snith's criminal history because he was released from custody in Pomona Municipal Court case number 93-M04314. Snith argues that there is no evidence that he actually served the 90 day sentence in that case, and in fact his sentence was suspended.
 
 
 11
 The government concedes that the Presentence Report is ambiguous as to whether defendant ever actually served the 90 day sentence on the Pomona case. However, as the government argued, the one point increase under Sec. 4A1.1(e) is still appropriate because Snith committed the instant offense less than two years following his release from custody in Riverside Municipal Court Case No. 311134. Therefore, the district court did not err in increasing Snith's criminal history by one point under 4A1.1(e).[1]
 
 
 12
 III. DOWNWARD DEPARTURE UNDER U.S.S.G. Sec. 5K1.1
 
 
 13
 Snith argues that the district court erred by failing to give adequate deliberation to the question of a downward departure due to his cooperation with the government.
 
 
 14
 U.S.S.G. Sec. 5K1.1 provides for a downward departure upon the motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense. In this case, the government explicitly stated to the district court that it was not going to make a motion for downward departure under Sec. 5K1.1.
 
 
 15
 A district court has the authority to review the government's refusal to request a substantial assistance departure if the defendant makes a substantial threshold showing that the government's refusal had an unconstitutional motive. Wade v. United States, 504 U.S. 181, 184-85 (1992). Snith argues that the government's bad faith was "inherent in the colloquy among the court and both counsel at bench" concerning the departure. There was nothing in that discussion indicative of bad faith, however. Therefore, the district court's conduct in considering the matter of a downward departure under Sec. 5K1.1 was proper.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The government also argued that even if the one criminal history point were not added to the criminal history points, Snith would still have a total of ten criminal history points. With ten criminal history points, as opposed to 11, Snith would still remain in criminal history category V, which is the category that the district court used in sentencing Snith. The additional one point under Sec. 4A1.1(e) had no impact on the calculation of Snith's sentence