91 F.3d 156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rodolfo FLORES-CAMPA, Defendant-Appellant.
 No. 95-10192.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 11, 1996.
Decided July 10, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Rodolfo Flores-Campa appeals his five-count conviction and sentence on various marijuana trafficking and weapons charges.[1] On appeal, Flores-Campa claims that the police lacked "reasonable suspicion" to conduct an investigatory stop and that all of the evidence derived from the stop should have been suppressed. He also claims that evidence relating to an outstanding charge of unlawful transportation of marijuana was erroneously admitted at trial. Finally, Flores-Campa contends that his sentence should have been adjusted downward because of his minor role in the drug operation and his acceptance of responsibility and because the amount of marijuana properly attributable to him was far less than the total amount seized. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 A. Investigatory Stop
 
 3
 Whether there was reasonable, founded suspicion to justify an investigatory stop is a mixed question of law and fact which we review de novo. See Ornelas v. United States, 116 S.Ct. 1657, 1662 (1996); United States v. Carrillo, 902 F.2d 1405, 1410-11 (9th Cir.1990). We review the district court's factual findings for clear error. See Ornelas, 116 S.Ct. at 1663; United States v. Fouche, 776 F.2d 1398, 1402 (9th Cir.1985).
 
 
 4
 In Terry v. Ohio, the Supreme Court held that the police could conduct brief, investigatory stops based upon specific and articulable facts which, together with objective and reasonable inferences, formed a founded or reasonable suspicion of criminal activity. See 392 U.S. 1, 21 (1968); United States v. Rodriguez-Sanchez, 23 F.3d 1488, 1492 (9th Cir.1994); United States v. Hernandez-Alvarado, 891 F.2d 1414, 1416 (9th Cir.1989).
 
 
 5
 Here, Flores-Campa's van was stopped by police after he was admitted into and then left a suspected narcotics "stash house." As a result of that stop, officers obtained evidence used to convict him. Under the totality of the circumstances, the investigatory stop was supported by "reasonable suspicion." See Ornelas, 116 S.Ct. at 1661 ("reasonable suspicion simply [i]s a particularized and objective basis for suspecting the person stopped of criminal activity" (quotation and citation omitted)); United States v. Cortez, 449 U.S. 411, 417 (1981) (court must look to the totality of the circumstances); United States v. Rodriguez, 976 F.2d 592, 594 (9th Cir.1992) (same).
 
 
 6
 B. Admission of Evidence Regarding the Prior Charge
 
 
 7
 We review the district court's evidentiary rulings for an abuse of discretion. United States v. Manning, 56 F.3d 1188, 1196 (9th Cir.1995).
 
 
 8
 Here, the evidence relating to Flores-Campa's outstanding charge of unlawful transportation of marijuana was properly introduced. Flores-Campa was charged with being a fugitive in possession of a weapon.[2] His status as a fugitive is an essential element of this charge. As such, the Government was entitled to introduce the outstanding indictment and arrest warrant, even if the documents indicated the underlying nature of the charges. See United States v. Breitkreutz, 8 F.3d 688, 691-92 & n. 4 (9th Cir.1993).
 
 C. Sentencing
 
 9
 We review the district court's factual findings in the sentencing phase for clear error. See United States v. Fuentes-Mendoza, 56 F.3d 1113, 1116 (9th Cir.), cert. denied, 116 S.Ct. 326 (1995); United States v. Davis, 36 F.3d 1424, 1436 (9th Cir.1994) (district court's factual findings, including its denial of a downward adjustment based on minor participant status or acceptance of responsibility, reviewed for clear error), cert. denied, 115 S.Ct. 1147 (1995).
 
 
 10
 Here, the district court was not clearly erroneous in failing to adjust Flores-Campa's sentence downward under the Sentencing Guidelines because Flores-Campa failed to meet his burden of showing that he was entitled to adjustments based on minor participation, acceptance of responsibility, or on the amount of drugs attributable to him. See Davis, 36 F.3d at 1436 (burden on defendant to clearly establish entitlement to downward adjustment for "minor participant" or "acceptance of responsibility"); United States v. Hanoum, 33 F.2d 1128, 1129-32 (9th Cir.1994) (rejecting a challenge similar to Flores-Campa's that the sentence was erroneously based on the entire amount of drugs connected to the drug operation, rather than on a smaller quantity attributable to the defendant), cert. denied, 115 S.Ct. 1702 (1995).
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Government charged Flores-Campa with six counts: Count I, conspiracy to possess with the intent to distribute marijuana, in violation of 21 U.S.C. § 846; Count II, possession with the intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1); Count III, possession with the intent to distribute marijuana within 1,000 feet of a playground in violation of 21 U.S.C. § 860; Count IV, possession and use of a firearm during and in relation to a drug trafficking crime, in violation of 21 U.S.C. § 924(c)(1); Count V, being a fugitive in possession of a firearm, in violation of 21 U.S.C. § 922(g)(2); and Count VI, making a false statement in obtaining a firearm, in violation of 21 U.S.C. § 924(a)
 After a jury trial, Flores-Campa was convicted on all counts except count IV--using a firearm during and in relation to a drug trafficking crime. The district court sentenced Flores-Campa to 70 months for counts I through III, and 60 months for counts V and VI with all sentences to run concurrently.
 
 
 [2]
 Under 18 U.S.C. § 922(g)(2), it is unlawful for a "fugitive from justice" to possess a firearm