96 F.3d 1452
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jorge Luis MAGANA-VALENCIA, Defendant-Appellant.
 No. 96-10029.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Sep. 4, 1996.
 
 1
 Before: JOHN T. NOONAN, Jr., THOMPSON, Circuit Judges, and HAGEN**, District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Following a jury trial, Defendant-Appellant Jorge Luis Magana-Valencia ("Magana") was convicted of conspiracy to distribute and possess methamphetamine and of possession of methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846. Magana timely appealed his sentence, specifically the district court's decision to credit the government's expert testimony regarding the quantity of methamphetamine and the district court's denial of a reduction in offense level for acceptance of responsibility. This court has jurisdiction of Magana's appeal pursuant to 18 U.S.C. § 3742, and we affirm.
 
 
 4
 We review for clear error the district court's findings of fact relating to sentencing, including the quantity of drugs used to determine the base offense level. United States v. Fuentes-Mendoza, 56 F.3d 1113, 1116 (9th Cir.), cert. denied, 116 S.Ct. 326 (1995). "A district court's evaluation of the reliability of evidence is reviewed for an abuse of discretion." United States v. Ponce, 51 F.3d 820, 828 (9th Cir.1995) (per curiam ). The district court properly credited the superior expertness of the DEA expert and his testimony regarding the relative reliability of liquid and gas chromatography over the testimony of Magana's expert. The court set forth its reasons for doing so at the sentencing hearing. RT 12/18/95 at 65-66. Further, to the extent the district court's finding was based on credibility determinations, the finding is entitled to great deference. See United States v. Sealy, 830 F.2d 1028, 1032 (9th Cir.1987).
 
 
 5
 We also review "for clear error the district court's determination that a defendant is not entitled to a reduction in his offense level for acceptance of responsibility" under U.S.S.G. § 3E1.1. United States v. McKinney, 15 F.3d 849, 852 n. 6 (9th Cir.1994). The commentary to § 3E1.1 states that "the determination of the sentencing judge is entitled to great deference on review" because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." U.S.S.G. § 3E1.1, comment. (n. 5). Hence, this court should not disturb that determination unless it is "without foundation." United States v. Innie, 7 F.3d 840, 848 (9th Cir.1993), cert. denied, 114 S.Ct. 1567 (1994). At the sentencing hearing, the district court articulated ample evidence to support its finding that Magana was not entitled to a two-level reduction for acceptance of responsibility, R.T. 12/18/95 at 99-101, and that finding was not clearly erroneous. Accordingly, the district court's denial of the reduction was not without foundation, and should not be disturbed on appeal.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Hon. David Warner Hagen, United States District Judge for the District of Nevada, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3