107 F.3d 878
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leandre Darryl WILSON, Defendant-Appellant.
 No. 96-10148.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 10, 1997.*
Decided Feb. 25, 1997.
 
 Before: BRUNETTI, FERNANDEZ, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leandre Darryl Wilson appeals his jury conviction and sentence under the Sentencing Guidelines for possession of cocaine base with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We affirm.
 
 A. Evidence of Prior Acts
 
 3
 Wilson asserts that the introduction of evidence of two prior drug sales to the informant Henry Clay Howard was improper. The district court correctly determined that the evidence was sufficient to support a finding by the jury that the prior acts had occurred. See Huddleston v. United States, 485 U.S. 681, 685, 108 S.Ct. 1496, 1499, 99 L.Ed.2d 771 (1988). Wilson's claim to the contrary is merely an attack on the credibility of the government's informant, but the jury could reasonably believe his testimony and find by a preponderance of the evidence that Wilson had committed the acts. See id. at 690, 108 S.Ct. at 1501.
 
 
 4
 The prior transactions were also substantially similar and proximate in time to the transaction which led to Wilson's arrest. Moreover, the evidence was clearly probative of the government's case against Wilson. It tended to demonstrate Wilson's knowledge of or intent to distribute cocaine. If the evidence was prejudicial, it was not unfairly so, and the court gave the appropriate limiting instruction. Thus, it was properly admitted. See United States v. Jackson, 84 F.3d 1154, 1159 (9th Cir.), cert. denied, --- U.S. ----, 117 S.Ct. 445, 136 L.Ed.2d 341 (1996); United States v. Sneezer, 983 F.2d 920, 924 (9th Cir.1992).
 
 B. Sentence Enhancement
 
 5
 Wilson also contests the district court's sentence enhancement. Under the Sentencing Guidelines a two-level sentence enhancement is proper when a firearm is possessed during a drug offense. See USSG § 2D1.1(b)(1) (Nov.1995). See United States v. Restrepo, 884 F.2d 1294, 1296 (9th Cir.1989). A defendant can escape this enhancement if he shows that it is clearly improbable that the weapon and the drugs were connected. See USSG § 2D1.1 comment. (n. 3).
 
 
 6
 The district court did not clearly err when it determined that Wilson possessed the weapons during the commission of the drug offense. The drugs were his, the guns were his, and the guns were with the drugs. Moreover, it certainly was not clearly improbable that the weapons and the offense were connected. See United States v. Fuentes-Mendoza, 56 F.3d 1113, 1116 (9th Cir.), cert. denied, --- U.S. ----, 116 S.Ct. 326, 133 L.Ed.2d 227 (1995) (clear error standard for review of possession decision). Finally, the Supreme Court's decision in Bailey v. United States, --- U.S. ----, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), does not affect the term "possession" as it is used in USSG § 2D1.1(b)(1). The Court expressly distinguished criminal culpability under 18 U.S.C. § 924(c)(1) from a sentence enhancement under the Guidelines. See Bailey, --- U.S. at ----, 116 S.Ct. at 509.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3