UNITED STATES of America,
Plaintiff–Appellee,

v.

Francisco GUZMAN–HERNANDEZ,
Defendant–Appellant.

No. 01–50414.

D.C. No. CR–00–01295–R–1.

United States Court of Appeals,
Ninth Circuit.

Submitted March 11, 2002.*

Decided March 21, 2002.

Before FARRIS, W. FLETCHER, and FISHER, Circuit Judges.

## MEMORANDUM **

Francisco Guzman–Hernandez appeals his conviction and 96 month sentence for a violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Guzman–Hernandez contends that his conviction must be reversed because the district court erred by failing to advise him of the specific elements and not ensuring that he understood the "nature of the charge" to which he was pleading guilty. Until the Supreme Court's recent decision in United States v. Vonn, —— U.S. ——, 122 S.Ct. 1043, —— L.Ed.2d —— (2002), we reviewed de novo whether a district court's plea colloquy with a defendant sati-

sified Fed.R.Crim.P. 11. However, under Vonn, a defendant who fails to object to a Rule 11 violation in the district court must show plain error. Vonn, —— U.S. ——, at ——, 122 S.Ct. 1043, 1045, —— L.Ed.2d ——, at ——. Here, we find that under either standard no Rule 11 violation occurred as a review of the plea colloquy demonstrates that Guzman–Hernandez was informed of and understood the nature of the charge against him. Fed.R.Crim.P. 11(c)(1), see United States v. Rivera–Ramirez, 715 F.2d 453, 457 (9th Cir.1983) (providing that a plea colloquy pursuant to Fed.R.Crim.P. 11 is sufficient if it provides the defendant with "an understanding of the law in relation to the facts").

To the extent that Guzman–Hernandez contends that his conviction must be reversed because the district court failed to inform him regarding the effects of the sentencing guidelines and any supervised release, we conclude that any error was harmless. See Fed.R.Crim.P. 11(h); United States v. Ramos, 923 F.2d 1346, 1357–58 (9th Cir.1991), abrogated on other grounds by United States v. Ruiz, 257 F.3d 1030 (9th Cir.2001) (concluding that failure to inform defendant of the applicability of the guidelines is harmless as long as defendant is informed of the applicable statutory minimum and maximum); United States v. Sanclemente–Bejarano, 861 F.2d 206, 209–10 (9th Cir.1988) (per curiam), overruled on other grounds by United States v. Fuentes–Mendoza, 56 F.3d 1113 (9th Cir.1995), (holding that it is harmless error where district court failed to inform a defendant of possible sentence of supervised release, when the sentence actually imposed, including supervised re-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

lease, is not greater than maximum sentence warned of by court).

Finally, Guzman–Hernandez contends that his 96–month sentence violates *Apprendi v. New Jersey,* 540 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because it relies upon prior convictions, not proven to a jury beyond a reasonable doubt, to increase his sentence above 8 U.S.C. § 1326(a)'s two year statutory maximum. This argument is foreclosed by our decision in *United States v. Arellano–Rivera,* 244 F.3d 1119, 1127 (9th Cir. *2001*).

AFFIRMED.

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.