10. *Cupp v. Naughten,* 414 U.S. 141, 146–47, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973).

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Oscar Briseno MIRANDA,**
**Defendant–Appellant.**

**No. 00–10060.**
**D.C. No. CR–98–00659–ACM.**

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2002.[*]

Decided June 13, 2002.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before RYMER, T.G. NELSON, and THOMAS, Circuit Judges.

MEMORANDUM **

Oscar Briseno Miranda appeals his guilty-plea conviction for illegally reentering the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

Miranda contends that the district court erred in taking his guilty plea because the court: (1) failed to *sua sponte* conduct a competency hearing; and (2) did not comply with several requirements of Federal Rule of Criminal Procedure 11. Where the district court has made a determination of competency, we review that finding for clear error. *See United States v. Hoskie,* 950 F.2d 1388, 1392 (9th Cir.1991). Because Miranda failed to raise the alleged Rule 11 errors before the district court, our review is for plain error. *See United States v. Vonn,* —— U.S. ——, ——, 122 S.Ct. 1043, 1046, 152 L.Ed.2d 90 (2002).

█ The district court made a finding of competency at the conclusion of its colloquy with the defendant at the change of plea hearing. Based on our review of the record, we conclude that the district court did not clearly err. *See Godinez v. Moran,* 509 U.S. 389, 398–99, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993) (holding that the

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.

standard for determining competency to plead guilty is whether the defendant has a "rational understanding" of the proceedings). Further, within one week prior to the change of plea hearing, a different district court judge completed a competency hearing, which included an evaluation by a staff psychiatrist at the Bureau of Prison's Medical Center, and found Miranda competent to proceed. Miranda did not challenge that finding in the district court, and does not do so on appeal. We therefore reject Miranda's due process argument, that the district court was required to *sua sponte* conduct a second competency hearing. By failing to challenge the competency findings, Miranda has not sufficiently alleged that the change of plea proceeding was in someway fundamentally unfair. *See McKenzie v. McCormick,* 27 F.3d 1415, 1418 (9th Cir.1994) (stating that defendant alleging due process violation has the burden to prove unfairness rising to the level of a due process concern).

■ Miranda correctly contends that the district court neglected to advise him of the fact that he had the right to the assistance of counsel at trial, *see* Fed. R.Crim.P. 11(c)(3), or of the "effect" of a term of supervised release, *see* Fed. R.Crim.P. 11(c)(1). Although the failure to make these explicit advisements required by Rule 11 is error that is plain, we nonetheless conclude that Miranda's substantial rights were not affected by the omissions.

We conclude that the lack of an explicit advisement concerning the assistance of counsel at trial did not affect Miranda's substantial rights because Miranda chose to plead guilty on the day of trial and was, and had been for several months, represented by appointed counsel. It is therefore entirely unreasonable to believe that Miranda was not aware of the fact that, had he chosen to go to trial that day instead of pleading guilty, he would have had the assistance of counsel. Moreover, the district court alluded to the assistance of counsel at trial in other parts of the colloquy and Miranda's counsel told the court that he had advised Miranda of all of his rights.

■ We also conclude that the failure to advise Miranda of the "effect" of supervised release did not affect his substantial rights because the district court informed him that he faced up to 20 years of imprisonment, and his sentence of 5 years in prison plus 3 years of supervised release was significantly less than this maximum. *Cf. United States v. Fuentes–Mendoza,* 56 F.3d 1113, 1114 (9th Cir.1995) (concluding that error was harmless under Rule 11(h) where sentence as imposed plus potential revocation and extension of supervised release was less than statutory maximum sentence of which the defendant was properly advised).

■ Finally, Miranda contends that there was an insufficient factual basis for his guilty plea. *See* Fed.R.Crim.P. 11(f). We conclude that the rule was satisfied because, even if the colloquy at the change of plea hearing was deficient in some respect, the uncontested presentence report, in conjunction with Miranda's admissions at the change of plea hearing, provided an adequate factual basis for the plea. *See United States v. Alber,* 56 F.3d 1106, 1110 (9th Cir.1995) ("To establish a factual basis for the plea, the court may consider all of the evidence before it *at the time of judgment.*" ) (emphasis added).

**AFFIRMED.**