**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Manuel FIGUERROA–GUZMAN,**
**Defendant–Appellant.**

No. 02–10075.
D.C. No. CR–S–01–143–PMP(RJJ).

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2003.*

Decided March 13, 2003.

Appeal from the United States District Court for the District of Nevada, Philip M. Pro, District Judge, Presiding.

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

## MEMORANDUM**

■ Jose Manuel Figuerroa–Guzman asks this court to vacate his guilty plea on one count of entering the United States without permission after a prior deportation in violation of 8 U.S.C. § 1326 on the ground that the district court did not inform him of the nature of the charges against him in violation of Rule 11(c) of the Federal Rules of Criminal Procedure. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because Figuerroa–Guzman did not lodge any objection during the plea colloquy, we review for plain error. *See United States v. Vonn*, 535 U.S. 55, 122 S.Ct. 1043, 1048, 152 L.Ed.2d 90 (2002). We reject Figuerroa–Guzman's appeal and affirm the district court's decision to enter his guilty plea.

■ Even if the district court's plea colloquy violated Rule 11(c) by failing to inform Figuerroa–Guzman of "the nature of the charge to which the plea is offered," Fed.R.Crim.P. 11(c)(1), there is no plain error because Figuerroa–Guzman has not demonstrated that he failed to understand the critical elements of the § 1326 charge. *See United States v. Minore*, 292 F.3d 1109, 1119 (9th Cir.2002). Figuerroa–Guzman has failed to overcome the presumption that the reading of the text of the indictment prior to his arraignment informed him of the nature of the charges against him, *see Bousley v. United States*, 523 U.S. 614, 618, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (finding that providing a defendant with a copy of the indictment prior to the plea hearing "give[s] rise to a presumption that the defendant was informed of the nature of the charge against him."), and never identifies any aspect of

his criminal charge that he failed to understand. *Cf. United States v. Riviera–Ramirez*, 715 F.2d 453, 457 (9th Cir.1983) (finding, on habeas review, no manifest injustice when the defendant did not explain what parts of the charges he did not understand). Furthermore, at the arraignment, Figuerroa–Guzman, who was represented by counsel at the time, admitted that he was told what the charge was against him. *Cf. United States v. Ma*, 290 F.3d 1002, 1005 (9th Cir.2002) (finding no plain error where defendant stated that prior to the plea hearing, she had read and understood her plea agreement).

Figuerroa–Guzman's own testimony also reveals that he understood the nature of the charges against him. *See* 1983 Advisory Comm. Notes to Fed.R.Crim.P. 11 (stating that a judge's failure to inform the defendant of an essential element of the crime is harmless error if "the defendant's responses clearly indicate his awareness of that element"). His apology at the sentencing hearing for violating § 1326 identified all the critical elements of his crime and he acknowledged that his performance of the acts which met those elements was against the law.

Figuerroa–Guzman's next argument, that the district court did not comply with Rule 11 when it failed to inform him of the possible consequences of a violation of his terms of supervised release, also is without merit. *See United States v. Fuentes–Mendoza*, 56 F.3d 1113, 1116 (9th Cir.1995).

Finally, we reject Figuerroa–Guzman's *Apprendi* argument because, as Figuerroa–Guzman himself points out, it is foreclosed by our decision in *United States v.*

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

*Pacheco–Zepeda,* 234 F.3d 411 (9th Cir. 2000).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.