**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10651 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00846-JAT-1 |
| v. | |
| DAVID MANDEL-MEZA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted December 4, 2012[**]
San Francisco, California

Before: O'SCANNLAIN, THOMAS, and CALLAHAN, Circuit Judges.

David Mandel-Meza appeals his sentence after his guilty plea under 8 U.S.C.

§ 1326(a), as enhanced by § 1326(b)(1), for being found in the United States after

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1

having been deported.  We affirm. Because the parties are familiar with the history of this case, we need not recount it here.

I

The district court did not err in enhancing Mandel-Meza's sentence under U.S.S.G. § 4A1.1(d), which applies when "the defendant committed the instant offense while under a criminal justice sentence."  Mandel-Meza argues that the Guideline does not apply because he was in custody when he was discovered and therefore he lacked the requisite intent to commit the offense.  However, we have already rejected this argument. *United States v. Ortiz-Villegas*, 49 F.3d 1435, 1437 (9th Cir. 1995) (Involuntary incarceration does not establish lack of intent because "[a]n alien who has been deported and voluntarily reenters the United States without authorization has the intent required to support a conviction for being 'found in' the United States.").

"An 'entry' into the United States is required before a person is 'found in' the United States," and that entry must be a voluntary act.  *United States v. Ruelas-Arreguin*, 219 F.3d 1056, 1061 (9th Cir. 2000).  However, "'[b]eing found' is an element of the offense; but it is a passive state, not requiring proof of a voluntary act."  *United States v. Salazar-Robles*, 207 F.3d 648, 650 (9th Cir. 2000).  Therefore, Mandel-Meza's specific intent to be in the United States at the time he

2

was found is not an element of § 1326, nor is it required for the Sentencing Guideline § 4A1.1(d) to apply.

Mandel-Meza's similar argument that it is unfair to subject him to the guideline because he could have been discovered before sentencing also fails.

> [A] defendant's presence in this country after an unlawful reentry may give rise to additional penalties. The statute's plain language makes it a crime to enter or be "at any time found in" the United States. The continuous nature of the § 1326 offense puts defendants on notice that they are in violation each day they remain illegally in the United States.

*United States v. Hernandez-Guerrero*, 633 F.3d 933, 937 (9th Cir. 2011). Failing to discover a defendant at a time more favorable to him does not constitute a reversible error.

## II

Mandel-Meza also argues that "being found" was impermissibly counted both as an element of the underlying offense and as criminal history. However, his premise is incorrect. The crime for which Mandel-Meza has been convicted, 8 U.S.C. § 1326(a), as enhanced by § 1326(b)(1), provides that "any alien who . . . has been . . . deported . . . and thereafter . . . is at any time found in[] the United States," and "whose removal was subsequent to a conviction for . . . a felony . . . shall be fined [up to $250,000], imprisoned not more than 10 years, or both[.]"

3

When computing the appropriate sentencing guidelines, two points were added to Mandel-Meza's criminal history computation because "the defendant committed the instant offense while under [a] criminal justice sentence." U.S.S.G. § 4A1.1(d). There are no common elements of the underlying offense and the Sentencing Guideline: 8 U.S.C. § 1326 says nothing about being found while under a criminal justice sentence, and the Sentencing Guideline only examines whether the defendant was under a criminal justice sentence when he committed the offense; that is, when he was found by immigration authorities. Because there was no element common to 8 U.S.C. § 1326 and U.S.S.G. § 4A1.1(d), there was no error.[1]

### III

Finally, Mandel-Meza contends that the district court judge plainly erred by stating during the change of plea hearing that the maximum period of supervised release was two years, but later sentencing him to the actual statutory and Guideline supervised release maximum of three years. Mandel-Meza did not present the error to the district court, so we review his claim for plain error. Fed.

---

[1]In any event, in the circumstances of this case we are satisfied that any error would have been harmless. Under Mandel-Meza's interpretation of the Guidelines, the recommended sentence would have been between 41 and 51 months, and Mandel-Meza was actually sentenced to 51 months.

R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 732 (1993); *United States v. Waknine*, 543 F.3d 546, 554 n.4 (9th Cir. 2008). "Plain error is (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005).

Mandel-Meza does not claim that the error is plain, that he was prejudiced, or that it affected his substantial rights. Indeed, it was Mandel-Meza's own counsel who volunteered to the judge that the maximum term of supervised release was two years. Mandel-Meza does not claim that he would not have pled guilty had he been properly informed of the three-year maximum, or that it rendered his plea involuntary.

The sentence Mandel-Meza received was still below the statutory maximum. *See United States v. Fuentes-Mendoza*, 56 F.3d 1113, 1114 (9th Cir. 1995). Mandel-Meza was properly informed that his maximum sentence was ten years; because the actual sentence imposed was less than what he knew he could receive, "any error by the sentencing court in explaining the term of supervised release that he faced was harmless." *Id.* "The essential ingredient is notice of the maximum possible penalty provided by law. . . . Rule 11 does not require that the district court announce authoritatively the *actual* maximum sentence at the plea-taking

5

stage." *United States v. Barrios-Gutierrez*, 255 F.3d 1024, 1027-28 (9th Cir. 2001)

(en banc). Any error was harmless.


      **AFFIRMED**.